UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CHICAGO, et al.,<br><br>    Defendants. | Case No. 12-cv-1764<br><br>Judge Martha M. Pacold |

## ORDER

On August 21, 2023, after the court entered judgment against the plaintiff and in favor of defendants on all claims following a jury trial, [226], [228], defendants City of Chicago, and Officers George Moussa and Joseph Lopez submitted a bill of costs [232]. For the following reasons, the defendants' bill of costs is denied.

## STATEMENT

Federal Rule of Civil Procedure 54(d)(1) generally provides that "costs—other than attorney's fees—should be allowed to the prevailing party." *See Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (quoting Fed. R. Civ. P. 54(d)(1)). This presumption that the court will award costs places the burden on the opposing party to demonstrate good reasons why the court should not make the award. *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022). One narrow exception to the prevailing party's entitlement to costs is the "losing party's inability to pay." *Id.* at 845–46 (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)).

### I.    Costs Incurred

Defendants seek a total award of $798.45 for certain costs incurred in this action. [232] at 1.[1] These costs include $578.45 in costs for printed or electronically recorded deposition and trial transcripts, and $265.00 for witness fees, including deposition attendance fees. *Id.* at 2; [232-1]; [232-2] at 2. Plaintiff does not meaningfully contend that such costs may not properly be sought under 28 U.S.C. § 1920. *See generally* [238]. Plaintiff instead contends that the costs should not be

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

awarded because defendants have not attached receipts or bills. *Id.* The court is not persuaded by this argument—defendants have properly submitted the bill of costs form provided by the court, which includes an itemization of defendants' costs and is signed under penalty of perjury by defendants' counsel. *See* [232-1]. Further, defendants' requested costs are entirely reasonable given the demands of the case.

## II.   Indigence

Plaintiff also argues that the court should deny the bill of costs because of his inability to pay or indigency. [238] at 1–3, 6–7. It is "within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (quotation omitted). "To deny costs based on indigency, the court must first 'make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future."'" *Richardson*, 926 F.3d at 893 (quoting *Rivera*, 469 F.3d at 635). The losing party bears the burden of providing the court with "sufficient documentation to support such a finding." *Id.* (quoting *Rivera*, 469 F.3d at 635). Specifically, "[t]his documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635. Requiring the "non-prevailing party to provide information about both income/assets and expenses . . . ensure[s] that district courts have clear proof of the non-prevailing party's dire financial circumstances." *Id.* The court will then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* Importantly, "[n]o one factor is determinative." *Id.* at 635–36.

Plaintiff has met his burden to demonstrate indigency under this standard. Plaintiff's opposition to defendants' bill of costs includes a signed declaration from plaintiff attesting that he is disabled, and that his only source of income is $934.00 he receives each month in Social Security Disability payments, [238-1] at 2–3, which is below the poverty guidelines. Plaintiff indicates that he has retinitis pigmentosa, which has prevented him from working since June 2022 and which will likely prevent him from working in the future, as it is a genetic disease with no cure. *Id.* Plaintiff's declaration also includes a schedule of his monthly expenses, showing that essentially all of his monthly income is consumed by spending on basic necessities. *Id.* And plaintiff indicates that he has no assets beyond home furnishings. *Id.* Plaintiff's declaration also indicates that his monthly income sometimes does not cover all of his expenses, requiring him to rely on the charity of family and friends. *Id.* The court concludes that plaintiff is indigent.

The court must therefore consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera*, 469 F.3d at 635. Defendants' requested costs, totaling $798.45, are reasonable and not disproportionate in relation to the demands imposed by this case. But "[n]o one factor is determinative." *Id.* at 635–

36. The court does not find the closeness and difficulty of the issues to weigh strongly in either direction in this analysis—though the court notes that the case had a somewhat complicated procedural history. Significantly, however, the court is not persuaded that plaintiff pursued this suit in anything other than good faith, and the court in its discretion is not inclined to impose costs that amount to almost an entire month's income for the disabled plaintiff, who already has to sometimes rely on the charity of family and friends to meet his needs. The court will therefore deny the bill of costs on the basis of the plaintiff's indigence.

* * *

Defendants' bill of costs [232] is denied.

Dated: March 31, 2024    /s/ Martha M. Pacold